UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LYNN GALLEGOS,<br><br>   Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No. 1:22-cv-01138-BAM<br><br>**ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION**<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>(Doc. 14)<br><br>FOURTEEN-DAY DEADLINE |

## **FINDINGS AND RECOMMENDATIONS**

**I.   BACKGROUND**

Plaintiff Mary Lynn Gallegos ("Plaintiff"), *pro se*, initiated this action seeking review of a final decision of the Commissioner of Social Security on September 7, 2022.  (Doc. 1.)  On September 9, 2022, the Court issued a Scheduling Order noting that Plaintiff was required to file the motion for summary judgment within 45 days after service of the administrative record.  (Doc. 5.)  The administrative record was lodged on December 8, 2022.  (Doc. 10.)  On January 30, 2023, Plaintiff requested additional time for filing a motion for summary judgment, noting

1

1  difficulties and hardship.  (Doc. 11.)  The Court noted that Plaintiff was permitted an extension,
2  and issued an order stating that Plaintiff "shall file a Motion for Summary Judgment on or before
3  February 20, 2023" and noting that any "further extension requested by Plaintiff will require a
4  showing of good cause."  (Doc. 12 at 2.)   Plaintiff did not file a Motion for Summary Judgment.
5  　　　　On August 8, 2023, the Court issued an Order to Show Cause, which was served upon
6  Plaintiff.  (Doc. 14.)  In the order, the Court ordered Plaintiff to show cause why the action should
7  not be dismissed for Plaintiff's failure to comply with the Court's Order Regarding Plaintiff's
8  Motion for Extension of Time (Doc. 12) and for Plaintiff's failure to prosecute the action.  (*Id.* at
9  2.)  The Court ordered Plaintiff to respond to its order on or before August 21, 2023, or to file an
10 opening brief.  (*Id.*)  The Court admonished Plaintiff "that failure to respond to this order to show
11 cause will result in the dismissal of this action for failure to obey a court order and failure to
12 prosecute."  (*Id.*)  Plaintiff has not filed a brief or otherwise responded to the Court's order.
13 　　　　Having considered the record in this matter, the Court will recommend dismissal of this
14 action for failure to obey a court order and failure to prosecute this action.
15 **II.     DISCUSSION**
16 　　　　Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with
17 any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .
18 within the inherent power of the Court."  District courts have the inherent power to control their
19 dockets and "[i]n the exercise of that power they may impose sanctions including, where
20 appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court
21 may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to
22 obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52,
23 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d
24 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
25 amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)
26 (dismissal for failure to comply with court order).
27 　　　　In determining whether to dismiss an action, the Court must consider several factors: (1)
28 the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

1   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
2   cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779
3   F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).
4       Here, this action has been pending since September 2022.  Plaintiff has apparently
5   abandoned the matter, failing to resume prosecution of this action, and failing to appear or
6   otherwise respond to this Court's orders.  The matter cannot simply remain idle on the Court's
7   docket, unprosecuted, awaiting Plaintiff's compliance.  The Court also cannot effectively manage
8   its docket if Plaintiff ceases litigating her case.  Thus, the Court finds that both the first and
9   second factors weigh in favor of dismissal.
10      The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal since a
11  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
12  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs
13  against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*,
14  291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose
15  responsibility it is to move a case toward disposition on the merits but whose conduct impedes
16  progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Prods.*
17  *Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).
18      Finally, the court's warning to a party that failure to obey the court's order will result in
19  dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;
20  *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's August 8, 2023 order
21  expressly warned Plaintiff that her failure to comply could result in termination of the action.
22  (Doc. 14 at 2.)  Thus, Plaintiff had adequate warning that dismissal could result from her
23  noncompliance.
24      Additionally, at this stage in the proceedings there is little available to the Court which
25  would constitute a satisfactory lesser sanction while protecting the Court from further
26  unnecessary expenditure of its scarce resources.  Monetary sanctions or the preclusion of
27  evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating her case.
28      ///

### III. CONCLUSION AND RECOMMENDATION

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to obey the Court's order and failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 7, 2023**            /s/ Barbara A. McAuliffe          _
                                                                        UNITED STATES MAGISTRATE JUDGE